# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | Case No. 1:14-cv-01115-SKO (PC) |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| RUTH MUTHIMA, | (Doc. 9) |
| Defendant. | |

## Second Screening Order

### I. Background

Plaintiff Archie Cranford, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 10, 2014. On March 17, 2015, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). On March 27, 2015, Plaintiff filed an amended complaint.

### II. Screening Requirement and Standard

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937

(2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### III.    Discussion

Plaintiff is a civil detainee at Coalinga State Hospital in Coalinga, California, and he brings this action against Ruth Muthima, apparently for failing to protect him from physical harm. Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of *respondeat superior*, and some causal connection between the conduct of each named defendant and the violation at issue must exist. *Iqbal*, 556 U.S. at 676-77; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Civil detainees are entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals, *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004), and Plaintiff's right to constitutionally adequate conditions of confinement is protected by the

substantive component of the Due Process Clause, *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982). A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." *Youngberg*, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. *Youngberg*, 457 U.S. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 322-23; *compare Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the *Youngberg* standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed). The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." *Ammons v. Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2379 (2012) (citations and internal quotation marks omitted).

Plaintiff's amended complaint is vague and conclusory, and it fails to set forth any facts supporting a claim against Defendant Muthima for violating Plaintiff's constitutional or other federal rights. The bare allegation that Defendant Muthima failed to protect Plaintiff from harm and he suffered pain as a result is insufficient to state a claim under section 1983.

**IV.    Conclusion and Order**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with an opportunity to amend and he was unable to cure the deficiencies in his claims. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Based on the nature of the deficiencies,

///

///

3

further leave to amend is not warranted and this action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 8, 2015**                         **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE